UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH GOURLAY,

    Petitioner,                               Case No. 10-CV-13746

v.                                           HONORABLE STEPHEN J. MURPHY, III

CINDI CURTIN,

    Respondent.

                                         /

**OPINION AND ORDER DENYING THE HABEAS CORPUS
PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner Kenneth Gourlay challenges his state convictions for thirteen counts of third-degree criminal sexual conduct on grounds that his sentence was disproportionate, the admission of his private journal in evidence violated his right to freedom of thought and expression, and his trial counsel was ineffective for failing to preserve his constitutional challenge to the admission of the journal. Having reviewed the record, the Court finds that the state courts' adjudication of Gourlay's claims was objectively reasonable, and that Gourlay has failed to establish a right to habeas relief. Accordingly, the Court will deny the petition.

**BACKGROUND**

Gourlay was charged in Wayne County, Michigan with eighteen identical counts of criminal sexual conduct in the third degree. *See* Mich. Comp. Laws § 750.520d(1)(a). The charges arose from allegations that, when Gourlay was twenty-seven years old, he engaged in consensual sex with a young male admirer referred to as "CB" in the state appellate court's decision. CB was in foster care at the time, and the evidence at trial established that Gourlay

> sexually assault[ed] "CB" on numerous occasions in 2004 and 2005, when CB was 14 years of age. [Gourlay] met CB on the Internet in December 2004. They communicated via instant messaging for one or two weeks before they met in person. Thereafter, they spent time together on a regular basis and engaged in a sexual relationship that involved anal penetration. CB ended the relationship with [Gourlay] in May 2005. At trial, [Gourlay] admitted befriending CB, but denied engaging in a sexual relationship with him.

*People v. Gourlay*, No. 281376, 2009 WL 387729, at *1 (Mich. Ct. App. Feb. 17, 2009) (unpublished).

On May 11, 2007, the jury acquitted Gourlay of five counts of third-degree criminal sexual conduct, but found him guilty of the remaining thirteen counts of third-degree criminal sexual conduct. At the sentencing on May 25, 2007, the trial court exceeded the state sentencing guidelines and sentenced Gourlay to thirteen concurrent terms of ten to fifteen years in prison.[1] Gourlay moved for a new trial or for re-sentencing, but the trial court denied his motion after conducting a hearing on the motion. The Michigan Court of Appeals subsequently affirmed Gourlay's convictions and sentence in a *per curiam* decision, *see id.*, and on October 7, 2009, the Michigan Supreme Court denied leave to appeal. *People v. Gourlay*, 485 Mich. 903 (2009) (table).

On September 20, 2010, Gourlay filed his habeas corpus petition. He claims that: (1) his sentence was disproportionate; (2) the admission of his private journal in evidence infringed on his constitutional right to freedom of thought and expression; and (3) his trial attorney was ineffective for failing to object to the admission of his journal on the ground that it violated his right to freedom of thought and expression. The State argues that Gourlay's sentencing claim is not cognizable on habeas review and also lacks merit; the evidentiary claim is procedurally defaulted and lacks merit; and the ineffective-assistance-

---

[1] Gourlay was twenty-nine years old at the time of sentencing.

of-counsel claim lacks merit because the admission of the journal in evidence did not violate the Constitution.

Procedural default is not a jurisdictional limitation, *Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009), and the Court finds it more efficient to address the merits of Gourlay's second claim than to analyze whether it is procedurally defaulted. The Court will not consider the alleged procedural default and address Gourlay's claims on the merits.

## STANDARD OF REVIEW

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 131 S. Ct. 770, 783 (2011). Pursuant to § 2254, state prisoners are not entitled to the writ of habeas corpus unless the state court's adjudication of their claims on the merits

   (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

   Under the "contrary to" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause [of § 2254(d)(1)], a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., opinion of the Court for Part II).

3

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Richter*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). To obtain a writ of habeas corpus from a federal court, a state prisoner must show that the state court's ruling on his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87.

## DISCUSSION

I. <u>Gourlay's Sentence</u>

   A. <u>Allegations and State Court Ruling</u>

Gourlay alleges that his sentence was disproportionate because it (1) penalized him for his gender and sexual orientation, (2) violated his constitutional rights to equal protection and due process, and (3) infringed on his right to freedom of thought and expression. More specifically, Gourlay argues that the trial court sentenced him on the basis of his status as a pedophile; a supportive family who believed in his innocence; his use of the Internet; his unwillingness to be monogamous with the complainant; the number of times he had sex with the complainant; his allegedly predatory conduct; his homosexual thoughts about boys, as expressed in his journal; the complainant's need for psychological treatment; and the complainant's failure to be adopted by his foster parents.

The sentencing guidelines were fifty-one to eighty-five months (four years, three

4

months to seven years, one month).[2] The trial court sentenced Gourlay to a minimum sentence of ten years, almost three years more than the highest minimum sentence recommended under the sentencing guidelines. The trial court gave the following reasons for departing from the sentencing guidelines:

> 1. Offense variable (OV 4) does not adequately account for the psychological injury to CB;
>
> 2. OV 10 does not adequately account for defendant's predatory conduct;
>
> 3. Prior record variable 7 does not adequately account for the seriousness, vulgarity, and heinousness of defendant's conduct;
>
> 4. Defendant's lack of a constructive and productive support system and, by contrast, his support from family and friends who fail to acknowledge his pedophilia, demonstrates his poor prospects for rehabilitation.

*Gourlay*, 2009 WL 387729 at *5; *see also* Sentence Tr., 40-45, May 25, 2007.

The Michigan Court of Appeals determined that the fourth reason given by the trial court was not a substantial and compelling reason for departing from the sentencing guidelines because it was not supported by objective and verifiable facts. *Gourlay*, 2009 WL 387729 at *6. The Court of Appeals nevertheless affirmed Gourlay's sentence because the other three reasons "remain[ed] intact," and because the Court of Appeals thought that the trial court would have imposed the same departure if any of its articulated reasons were determined not to constitute a substantial and compelling reason. *Id.* at *7.

---

[2] The sentencing guidelines apply to a defendant's minimum sentence. As explained in *People v. Claypool*, 470 Mich. 715, 730 n.14 (2004):

> Michigan . . . has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum. The maximum is not determined by the trial judge but is set by law. M.C.L. § 769.8. The minimum is based on guidelines ranges . . . . The trial judge sets the minimum but can never exceed the maximum (other than in the case of a habitual offender . . . ).

Finally, the Court of Appeals held that Gourlay's sentence was proportionate to the seriousness of his conduct and criminal record. The Court of Appeals also determined that the trial court did not depart from the guidelines on the basis of Gourlay's homosexuality, the admissions in his journal, or his status as a pedophile. *Id.* at *3

B. Discussion

This Court rejects Gourlay's claims because the essence of his claims is that the trial court erred in scoring, and departing from, the guidelines. The state court's interpretation and application of state sentencing laws and guidelines, its computation of Gourlay's prison term, and its departure from the recommended guidelines range are matters of state law. *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (interpretation and application of sentencing laws and guidelines); *Kipen v. Renico*, 65 F. App'x 958, 959 (6th Cir. 2003) (computation of a prison term); *Garcia-Dorantes v. Warren*, 769 F. Supp.2d 1092, 1112 (E.D. Mich. 2011) (departure from state sentencing guidelines). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Sentencing courts, moreover, "have broad discretion to consider various kinds of information." *United States v. Watts*, 519 U.S. 148, 151 (1997). Gourlay's sentence did not exceed the statutory limit of fifteen years, *see* M.C.L. § 750.520d(2), and "trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants'" when the sentence is within the statutory limit. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000) (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). Accordingly, Gourlay's challenge to the state trial court's scoring of, and departure from, the sentencing guidelines is not a cognizable claim on habeas corpus review.

1. Due Process and Equal Protection Challenge

Gourlay does allege a federal constitutional violation in addition to his state law claims. He argues that the trial court violated his rights to due process and equal protection of the law by punishing him for his gender, sexual orientation, and journal entries, which expressed homosexual feelings toward young boys. In support of this argument, Gourlay points to state court cases in which female defendants convicted of having sex with teenage boys were given much less severe sentences, such as probation to three years in prison, a no-contact order, and restitution for the victim's therapy and costs.

The record does not support Gourlay's contention that the trial court violated his rights to due process and equal protection of the law. The trial court specifically stated at the post-conviction hearing in state court that Gourlay's sexual orientation had no bearing on the court's thought processes. *See* Post-Conviction Hr'g Tr., 15-16, June 26, 2008. The trial court also pointed out that it had recently sentenced a female defendant to prison for the same crime. The court acknowledged that it had not exceeded the guidelines in that case, but noted that the sentencing guidelines were "considerably lower" in the woman's case and that there were no factors supporting a departure from the guidelines in her case. *Id.* at 16-17.

Gourlay relies on the trial court's acknowledgment that judges seem to treat women who engage in sex with minor children more leniently than men who engage in sex with minor children. Gourlay emphasizes the court's comment that "we" have an unfortunate cultural bias in that regard. *Id.* at 17. Gourlay interprets the word "we" in that sentence to mean that the trial court was biased against him. When read in context, however, the court appears to be saying that society as a whole is biased, for the court went on to say that "it's a bias that has to be scrupulously avoided" and that the court could not be influenced by

7

the misguided sentencing principles exercised by other judges.

The trial court's only mention of the journal at sentencing was made during the court's discussion on family support. The court stated that the family should have been alarmed by Gourlay's journal entry about becoming sexually aroused when he massaged an eleven-year-old male relative's foot. Sentencing Tr., 44, May 25, 2007. The trial court gave no indication that it was punishing Gourlay for exercising his right to express himself. Rather, the court was expressing the opinion that Gourlay and his family were in denial of Gourlay's pedophilia and, as a result, Gourlay had few prospects for rehabilitation. This Court concludes that Gourlay's due process and equal protection arguments are not supported by the record.

2. Proportionality

Gourlay's constitutional claims lack merit for an additional reason: "the Eighth Amendment [to the United States Constitution] contains no proportionality guarantee." *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). "Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 1001 (Kennedy, J., concurring in part and concurring in the judgment) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Andrade*, 538 U.S. at 77.

In *Harmelin*, the Supreme Court upheld a sentence of life imprisonment without the possibility of parole for possession of 672 grams of cocaine. Gourlay, on the other hand, was sentenced to ten to fifteen years in prison, and his crime consisted of engaging in sexual activity with an underage individual. The complainant developed intense feelings for Gourlay and apparently attempted suicide when he discovered that Gourlay was interested

8

in seeing someone else. Although the complainant had psychological problems before he met Gourlay, the prosecutor maintained that Gourlay exploited the complainant's neediness and aggravated the complainant's fragile condition.

For these reasons, the state courts reasonably concluded Gourlay's sentence was not disproportionate to the offense or to the offender. Gourlay has not established a right to relief on the basis of his first claim.

II.  Gourlay's Journal

  A.  Gourlay's Allegation and State Court Rulings

The second habeas claim alleges that the admission in evidence of Gourlay's private journal infringed on his constitutional right to freedom of thought and expression. The trial court ruled that the journal was admissible because it was probative of Gourlay's state of mind and intent, which undercut his claim of an innocent relationship with the complainant. *See* Final Conference Tr., 18, Feb. 2, 2007; Trial Tr. Vol. I, 12, May 7, 2007. The Michigan Court of Appeals, however, noted that Gourlay was charged with a strict liability offense in which intent, or the lack thereof, was irrelevant. The Court of Appeals stated that the sole issue for the jury to decide was whether Gourlay sexually penetrated the complainant. *Gourlay*, 2009 WL 387729 at *2. The Court of Appeals then assumed, without deciding the issue, that admission of the journal in evidence was erroneous. The Court of Appeals determined that it was not necessary to reverse Gourlay's conviction, because it did not appear that the erroneous admission was outcome-determinative. *Id.* The Court of Appeals reviewed Gourlay's constitutional claim regarding his right to freedom of thought and expression for "plain error" because Gourlay did not object on that basis in the trial court. The Court of Appeals concluded that admission of the journal did not violate Gourlay's First

9

Amendment protections because the prosecutor used the evidence in part to establish the elements of the crime. *Id.*

B. Analysis

Generally, issues dealing with the admissibility or exclusion of evidence are not questioned in a federal habeas corpus proceeding. *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)). But an evidentiary ruling can violate due process and thus warrant habeas relief if the ruling "is so egregious that it results in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

Gourlay did not admit to any explicit sexual acts in the journal, *see* Final Conference Tr., 19, Feb. 2, 2007, and the Michigan Court of Appeals determined that the journal was admissible under Michigan Rule of Evidence 801(d)(2) (admission by a party-opponent). Furthermore, Gourlay explained at trial that one of the ongoing themes in his journal was the conflict between his Christian beliefs and his homosexuality. Trial Tr. Vol. IV, 143-44, May 10, 2007. He maintained that his journal entries were expressions of sexual impulses, which were not tied to any particular individual, and that, for the most part, he no longer had sexual impulses or feelings toward children. *Id.* at 147-49,166-67. Because the journal entries did not include any admissions of criminal wrongdoing and because Gourlay was given an opportunity to explain his journal and the nature of his sexual impulses, it was not fundamentally unfair to admit the journal in evidence.

Although Gourlay asserts that his constitutional right to freedom of thought and expression was violated by the admission of the journal in evidence, he has not pointed to any Supreme Court decision that prohibits the admission of private journals in criminal

cases on constitutional grounds. The First Amendment right to "freedom of thought and expression 'includes . . . the right to speak freely,'" *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 559 (1985) (quoting *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)), but the Supreme Court stated in *Wisconsin v. Mitchell*, 508 U.S. 476 (1993), that the First Amendment:

> does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent. Evidence of a defendant's previous declarations or statements is commonly admitted in criminal trials subject to evidentiary rules dealing with relevancy, reliability, and the like.

*Id.* at 489. And in *Varner v. Stovall*, 500 F.3d 491 (6th Cir. 2007), the Sixth Circuit Court of Appeals similarly concluded that the admission of the habeas petitioner's journal entries, which included prayers and an acknowledgment that she had tried to kill her abusive boyfriend, did not violate her rights under the Religion Clauses of the First Amendment.

The journal entries in this case were "probative of [Gourlay's] sexual attraction to and desire to engage in sexual activity with underage boys." *Gourlay*, 2009 WL 387729, at *2. The journal entries also were generally probative of an element of the offense, namely, whether Gourlay sexually penetrated the complainant. *See id.* The Michigan Court of Appeals therefore reasonably concluded that "admission of the journal entries did not violate [Gourlay's] First Amendment protections." *Id.* at *3. Gourlay has no right to habeas relief on the basis of his second claim.

III. <u>Trial Counsel</u>

In a related claim, Gourlay alleges that his trial attorney was ineffective for failing to recognize and preserve his claim that the admission of his journal in evidence violated his right to freedom of thought and expression. The Michigan Court of Appeals rejected this claim, stating that because the admission of the journal did not violate Gourlay's

constitutional protections, defense counsel was not ineffective for failing to raise and preserve the issue at trial and at sentencing. *Id.* at *3.

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), is clearly established federal law here. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011). Under *Strickland*, 466 U.S. at 687,

> [a] convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

For the reasons given above, the admission of Gourlay's journal entries in evidence did not violate his constitutional right to freedom of thought and expression. Consequently, trial counsel was not ineffective for failing to raise the issue in the trial court. An attorney is not ineffective for failing to make a meritless objection. *Hoffner v. Bradshaw*, 622 F.3d 487, 509 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 2117 (2011).

Moreover, it appears from the record that the trial court would have rejected Gourlay's constitutional argument had trial counsel made the argument. The trial court stated at the post-conviction hearing on Gourlay's motion for new trial or resentencing that it did not think Gourlay's constitutional argument had any merit. *See* Post-Conviction Hr'g Tr., 26-27, June 26, 2008. Thus, an objection to the journal on constitutional grounds in all likelihood would have been overruled, and defense counsel's allegedly deficient performance did not prejudice the defense.

IV. Conclusion

For the reasons stated above, the state appellate court's adjudication and rejection of Gourlay's claims did not result in a decision that was contrary to clearly established federal law as determined by the Supreme Court, an unreasonable application of clearly established federal law, or an unreasonable determination of the facts. The state court's decision also was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 131 S. Ct. at 786-87. Accordingly, the petition for a writ of habeas corpus is denied.

V. Certificate of Appealability

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds reasonable jurists could not debate whether Gourlay's claims should have been resolved differently or whether the claims deserve encouragement to proceed further. Accordingly, the Court will decline to issue a certificate of appealability.

**ORDER**

**WHEREFORE** it is hereby **ORDERED** that Gourlay's petition for a Writ of Habeas

Corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue a certificate of appealability.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: June 20, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 20, 2013, by electronic and/or ordinary mail.

Carol Cohron
Case Manager